| 22 506 |
| 70 9 |
| 70 79 |
| 22 506 |
| 41ap450 |

THE KNICKERBOCKER LIFE INSURANCE COMPANY, Respondent, v. WILLIAM S. CLARK, Appellant, Impleaded with HENRY W. JOHNSON and others.

*Place of trial of an action establishing an interest in real property—Code of Civil Procedure, § 982, what action is not within it—whether it is or not must be determined by the complaint.*

This action was brought in the county of New York to restrain the defendant Johnson, who had in his possession a satisfaction-piece of a judgment recovered by the plaintiff against the defendant Nelson, from delivering the same to Nelson. The complaint showed that Nelson owned real property in Ulster, but none in Kings county. The defendant, upon an affidavit stating that Nelson had sold the land in Ulster county, and then owned no real estate except in Kings county, moved for an order changing the place of trial to Kings county, on the ground that the action was brought "to recover or to procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property, or a chattel real;" within the meaning of section 982 of the Code of Civil Procedure.

*Held*, that whether or not the action was within that section must be determined by the complaint, and that the decision of that question could not be affected by affidavits.

That the action did not have for its object the recovery of a judgment establishing or otherwise affecting a right, lien or other interest in real property, and that the motion was therefore properly denied.

APPEAL from order denying a motion to change the place of trial from the city and county of New York to the county of Kings.

*Sam. W. Smith*, for the appellant.

*Vanderpoel, Green & Cuming*, for the respondent.

BARRETT, J.:

The defendant, Johnson, has in his possession a satisfaction-piece of a judgment recovered by the plaintiff against the defendant Nelson.

This action is brought to restrain Johnson from delivering such satisfaction-piece to Nelson, and to compel him to deliver it up to the plaintiff to be canceled.

One of the defendants moved to change the place of trial to

Kings county, substantially upon the ground that the judgment against Nelson is a lien upon certain real estate in Kings county; and that the effect of sustaining the plaintiff's action will be to establish or maintain such lien. The motion was made under section 982 of the New Code, which extends the class of actions triable in the county in which the subject of the action or some part thereof is situated, to those brought " to recover or to procure a judgment, establishing, determining, defining, forfeiting, annulling, or otherwise affecting an estate, right, title, lien, or other interest in real property or a chattel real."

We see no ground upon which this motion could have been granted. The complaint shows the ownership by the defendant Nelson of certain real estate in Ulster county, but of none in Kings county. The defendant seeks to obviate this objection by an affidavit stating that the property in Ulster county has been sold, and that the only real estate now owned by Nelson consists of certain lots in Kings county. We think that this affidavit has no just bearing upon the question. Whether the action is within section 982 of the Code depends upon the complaint. It is that which should govern. The plaintiff therein states in clear and precise terms the subject of his action, and tells us its purpose. These need no interpretation from extrinsic sources. The subject of the action is not the real estate in Ulster, nor yet that in Kings county, but the satisfaction-piece and the judgment. The purpose is the cancellation of the satisfaction-piece, and a judicial declaration of the continued integrity and vitality of the judgment. The statute contemplates the direct object to be attained, not the resulting incident.

A defendant may have real estate in every county in the State. He may have personal property upon which an execution has been levied. He may have equitable assets upon which a creditor's bill and injunction have fastened a lien. Yet none of these can be said to be, within section 982 (*supra*), the subject of an action brought to set aside or cancel a satisfaction-piece of the judgment which lies at the foundation of them all.

Nor can such an action be said to have for its object the recovery or procurement of a judgment establishing or otherwise affecting

a right, lien, or other interest in real property. That may be one of the consequences of success, but it will be no part of the decree. The decree will be limited to the findings as to the satisfaction-piece. It can have nothing to do with the merely resulting incident, —*e. g.*, the ultimate satisfaction of the judgment from *any property* of the defendant which the plaintiff may be able to discover.

We think the order denying the motion to change the place of trial was right and should be affirmed, with $10 costs, and disbursements of the appeal.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with $10 costs, and disbursements.